**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

LUNAI BIOWORKS, INC.,

Plaintiff,

v.

LIGHTSPEED FINANCIAL SERVICES GROUP LLC, et al.,

Defendants.

Civil Action No. 26-00549-CFC

JURY TRIAL DEMANDED

**PLAINTIFF'S MOTION FOR LEAVE TO FILE**
**SECOND AMENDED COMPLAINT UNDER SEAL**

Plaintiff Lunai Bioworks, Inc. ("Lunai" or "Plaintiff") respectfully moves this Court, pursuant to Fed. R. Civ. P. 5.2(a) and D. Del. L. R. 5.1.3, for leave to maintain its Second Amended Complaint (the "SAC") under seal and to file a corrected Second Amended Complaint that redacts references to account numbers and certain addresses. The SAC inadvertently contains securities brokerage account numbers the public disclosure of which could be perceived to cause harm to the privacy interests of parties and non-parties. Plaintiff proposes filing a redacted version of the SAC on the public docket that removes only those specific categories of information warranting protection.

1. On August 26, 2026, Plaintiff filed its Second Amended Complaint in this action. Plaintiff asserts securities fraud-related claims against a number of defendants who engaged in the illegal practice of naked short selling. In the original complaint with account data then not available, all defendants were referred to using an accepted pseudonym. Plaintiff's amended claims are based, in part, on trading data obtained from various third parties. While Plaintiff questions the veracity of certain of the names, account numbers and addresses produced to it, the

version of the SAC filed with the court inadvertently included that unredacted information, an oversight Plaintiff now moves to correct.

2. On August 27, 2026, the SAC was sealed by the Clerk of the Court pending the filing of this motion.

3. The SAC contains the following categories of potentially confidential, sensitive, and protected information that warrant filing under seal including brokerage account numbers. Fed. R. Civ. P. 5.2(a)(4) provides that "[u]nless the court orders otherwise, in an electronic or paper filing with the court that contains a financial-account number, a party or non-party making the filing may include only . . . the last four digits of the financial account number." Regardless of whether a securities brokerage account number qualifies as a "financial-account number" under the Rule, Plaintiff is treating the Rule as governing such information. Public disclosure of the complete, unredacted account numbers may expose the account holders to a heightened risk of identity theft and unauthorized access to active brokerage accounts. The redacted Complaint for filing on the public docket also will redact certain addresses, the disclosure of which may expose the individuals identified to risk. To the extent the unredacted account numbers are necessary to the Court's adjudication of this action, Plaintiff will maintain, and make available under seal, a reference list correlating each redacted account number to its complete form, consistent with Fed. R. Civ. P. 5.2(g).

4. Under D. Del. Local Rule 5.1.3, a party seeking to file documents under seal must demonstrate good cause for restricting public access. Courts generally recognize a presumption in favor of public access to judicial records and documents; however, the presumption is not absolute. *See Littlejohn v. Bic Corp.*, 851 F.2d 673, 678 (3d Cir. 1988) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). A party can overcome this presumption by demonstrating good

cause. *See Mosaid Techs. Inc. v. LSI Corp.*, 878 F. Supp. 2d 503, 507 (D. Del. 2012). Good cause can be established by showing that "disclosure [of a record or document] will work a clearly defined and serious injury to" the party seeking to seal that record or document. *Id.* (citation omitted). The good cause standard involves "a balancing process, in which courts weigh the harm of disclosing information against the importance of disclosure to the public." *Id.* at 508. Courts have broad authority under this balancing test to seal documents and should do so "'when justice so requires,' provided the party requesting sealing demonstrates that the 'interest in secrecy outweighs the presumption' of access." *In re Motions for Access of Garlock Sealing Techs. LLC*, 488 B.R. 281, 299-300 (D. Del. 2013) (citation omitted).

5. Here, the interests favoring sealing outweigh the public's interest in access to the specific information at issue and the information sought to be redacted is consistent with Fed. R. Civ. P. 5.2(a). As set forth above, public disclosure of the unredacted account numbers may present a clearly definable injury in the form of identity theft and unauthorized account access, and public disclosure of the addresses may presents a comparable risk of opportunity for harassment — interests that do not implicate the substance of Plaintiff's claims or the public's ability to evaluate them. Moreover, sealing the referenced information in no way compromises the public's understanding of, or the context for, the allegations in the Complaint.

6. Plaintiff's request is narrowly tailored. Plaintiff does not seek to seal the entire SAC or to prevent public access to the substance of its claims. Rather, subject to this Court's approval, Plaintiff is preparing and will file forthwith a redacted version of the SAC on the public docket that removes only the specific categories of sensitive information, thereby satisfying the least-restrictive-means requirement. The sealed version will remain available to the Court and to parties who are otherwise entitled to access under this Court's rules.

WHEREFORE, Plaintiff Lunai Bioworks, Inc. respectfully requests that the Court enter an order:

1. Granting Plaintiff leave to file the Second Amended Complaint under seal;

2. Directing that the sealed version of the Second Amended Complaint be made available to the Court and to parties entitled to access under the Court's rules or any applicable protective order; and

3. Directing Plaintiff to file a redacted version of the Second Amended Complaint for the public docket that removes the categories of confidential information identified herein, in accordance with D. Del. L. R. 5.1.3.

**DICKINSON WRIGHT PLLC**

*/s/ Jacob S. Frenkel*
Jacob S. Frenkel (admitted pro hac vice)
Brian S. Yu (DE ID 6482)
1825 I Street, N.W., Suite 900
Washington, D.C. 20006
Tel: (202) 457-0160
jfrenkel@dwlaw.com
byu@dwlaw.com

**FOX ROTHSCHILD LLP**

*/s/ Sidney S. Liebesman*
Sidney S. Liebesman (DE ID 3702)
Carmella L. Cinaglia (DE ID 7032)
1201 N. Market St., Suite 1200
Wilmington, DE 19801
Tel.: (302) 622-4237
sliebesman@foxrothschild.com
ccinaglia@foxrothschild.com

*Attorneys for Plaintiff Lunai Bioworks, Inc.*

Dated: August 27, 2026