**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| LUNAI BIOWORKS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>LIGHTSPEED FINANCIAL SERVICES GROUP LLC, *et al.*,<br><br>Defendants. | Civil Action No. 26-549-CFC |

**DEFENDANT BISOKE, LLC'S REPLY BRIEF IN FURTHER SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

BENESCH FRIEDLANDER
COPLAN & ARONOFF LLP

Kristen Healey Cramer (#4512)
Noelle B. Torrice (#5957)
1313 North Market Street, Suite 1201
Wilmington, DE 19801
Tel: (302) 442-7010
kcramer@beneschlaw.com
ntorrice@beneschlaw.com

Of Counsel:
Ashwin J. Ram (*pro hac vice*)
BUCHALTER LLP
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-1730
Tel: (213) 891-0700
aram@buchalter.com

Dated: September 16, 2026

*Counsel for Defendant Bisoke LLC*

# TABLE OF CONTENTS

**Page**


I. LUNAI'S RULE 10B-21 THEORY DEPENDS ON A HALF-QUOTED RULE ........ 1

A. The rule fixes whose deception counts, and the SAC pleads none ....... 1

B. On Lunai's own pleading, no representation was ever made ........ 2

C. No failure to deliver by Bisoke is pleaded ........ 3

D. Loss causation runs backwards ........ 4

E. No manipulative act is pleaded ........ 4

II. THE INVENTORY RECORD LUNAI CALLS INDIVIDUALIZED INDIVIDUALIZES NOTHING ........ 5

III. LUNAI DOES NOT DEFEND THE SCIENTER THEORY ITS OWN PLEADING DESIGNATES ........ 5

IV. BALD EAGLE BARS COUNT III, AND § 1962(D) FAILS ON THE AGREEMENT ........ 7

V. LUNAI DOES NOT DEFEND COUNTS IV AND VII ........ 8

VI. COUNT V FAILS UNDER THE ONLY AUTHORITY LUNAI OFFERS ........ 9

VII. THE PLEADING SUPPLIES NEITHER COUNT II'S WILLFULNESS NOR COUNT VI'S PREDICATE ........ 9

VIII. CONCLUSION ........ 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allen Family Foods, Inc. v. Capitol Carbonic Corp.*,
2011 WL 1205138 (Del. Super. Ct. Mar. 31, 2011)....9

*ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*,
493 F.3d 87 (2d Cir. 2007)....4, 5

*Bald Eagle Area Sch. Dist. v. Keystone Fin., Inc.*,
189 F.3d 321 (3d Cir. 1999)....7

*Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*,
836 F.2d 173 (3d Cir. 1988)....10

*Dura Pharms., Inc. v. Broudo*,
544 U.S. 336 (2005)....4

*Ernst & Ernst v. Hochfelder*,
425 U.S. 185 (1976)....9

*GFL Advantage Fund, Ltd. v. Colkitt*,
272 F.3d 189 (3d Cir. 2001)....6

*In re Ins. Brokerage Antitrust Litig.*,
618 F.3d 300 (3d Cir. 2010)....8

*Inst. Invs. Grp. v. Avaya, Inc.*,
564 F.3d 242 (3d Cir. 2009)....5

*LabMD Inc. v. Boback*,
47 F.4th 164 (3d Cir. 2022)....9, 10

*McCabe v. Ernst & Young, LLP*,
494 F.3d 418 (3d Cir. 2007)....4

*Organovo Holdings, Inc. v. Dimitrov*,
162 A.3d 102 (Del. Ch. 2017)....9

*Reves v. Ernst & Young*,
507 U.S. 170 (1993)....8

*SEC v. Mintz*,
723 F. Supp. 3d 386 (D.N.J. 2024) ........ 3

*Salinas v. United States*,
522 U.S. 52 (1997) ........ 8

*Tani v. FPL/Next Era Energy*,
811 F. Supp. 2d 1004 (D. Del. 2011) ........ 10

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
551 U.S. 308 (2007) ........ 7

**Statutes**

15 U.S.C. § 78u-4(b)(2)(A) ........ 5

18 U.S.C. § 1343 ........ 10

18 U.S.C. § 1962(C) ........ 7

18 U.S.C. § 1962(D) ........ 7, 8

18 U.S.C. § 1964(c) ........ 7

28 U.S.C. § 1367(c)(3) ........ 11

**Other Authorities**

17 C.F.R. § 240.10b-21 ........ 2, 3

73 Fed. Reg. 61666 (Oct. 17, 2008) ........ 2

Fed. R. Civ. P. 9(b) ........ 3

Fed. R. Civ. P. 12(b)(6) ........ 7

Restatement (Second) of Torts § 766A (1979) ........ 9

Lunai does not dispute that "short selling, even naked short selling, is not automatically unlawful." (D.I. 44 at 17.) Its records identify 579 accounts that sold short: 199 named, 380 "not yet named." (D.I. 40 ¶ 8 & n.4.) That is anyone and everyone who shorted LNAI. What it pleads against Bisoke is coincidence, the acts of others, routine parallel conduct, and short selling: seven dates, seven share totals, four account numbers and execution counts. None of that is a plausible claim.

Lunai says twice that Bisoke "does not dispute" the scheme. (D.I. 44 at 1.) Bisoke disputes it. No scheme is pleaded, and if one were, nothing ties Bisoke to it: the SAC alleges no communication or contact between Bisoke and any other defendant. Parallel conduct is not a conspiracy, and Lunai nearly concedes as much, calling whether its pattern "proves an actual agreement" a "question for summary judgment."[1] (D.I. 44 at 16.)

## I. LUNAI'S RULE 10B-21 THEORY DEPENDS ON A HALF-QUOTED RULE

### A. The rule fixes whose deception counts, and the SAC pleads none

Rule 10b-21 supplies no private right of action, and Lunai does not contend otherwise. (D.I. 42 at 8 n.2.) Even so, the rule reaches a seller who "deceives a broker or dealer, a participant of a registered clearing agency, or a purchaser" about its

[1] Lunai's appeal to what it could not know "pre-discovery" (D.I. 44 at 2) contradicts its first page: it had Bisoke's account-level records by expedited discovery this Court authorized before it named Bisoke. (*Id.* at 1; D.I. 7, 8.)

intention or ability to deliver, and then fails to deliver. 17 C.F.R. § 240.10b-21(a). Lunai's brief quotes the first two and replaces the third with "another person." (D.I. 44 at 10.) There is no "another person" in the rule, and no market. Lunai knows it: the paragraph its brief cites describes the release as reaching deception "of a broker-dealer, participant of a registered clearing agency, or purchaser." (D.I. 40 ¶ 616); *see* 73 Fed. Reg. 61666, 61671 (Oct. 17, 2008). Those three persons are an element of the violation, and the SAC pleads no deception of any of them by Bisoke. Lunai cannot have it both ways: it pleads Opal and its customers as a single enterprise selling shares "that had not been borrowed or located." (D.I. 40 ¶¶ 572-73.) A broker so alleged was not deceived. Opal asked no one for a locate while its customers sold 20,544,305 shares short. (*Id.* ¶ 375.)

### B. <u>On Lunai's own pleading, no representation was ever made</u>

The release addresses the seller who relies on its broker for the locate: "if a seller is relying on a broker-dealer to comply with Regulation SHO's locate obligation and to make delivery on a sale, the seller would not be representing at the time it submits an order to sell a security that it can or intends to deliver securities on the date delivery is due." 73 Fed. Reg. at 61672. The Rule 203(b)(1) duty is the broker's, as ¶ 536 pleads. The SAC in turn pleads that Opal "made no request for a locate in this security at any time, from any account." (D.I. 40 ¶ 17(c).) A silence in

which nothing was said is not a false statement. Lunai twice says the Motion omits Paragraph 14 and Paragraph 536's closing clause. It quotes both. (D.I. 42 at 7-8.)

*SEC v. Mintz*, 723 F. Supp. 3d 386, 406 (D.N.J. 2024), does not close the gap. The misstatement there was an order marked long, and the SAC pleads none. *Mintz* was an SEC enforcement action: the elements applied there were a misstatement or fraudulent device, scienter, and a connection to a purchase or sale. *Id.* at 403. Reliance, purchaser-seller status and loss causation are absent because the Commission need not plead them. Lunai must, and it understood as much in attempting to plead reliance. (D.I. 40 ¶ 619.)[2] Section 9(a) fails for the same reason.

### C. <u>No failure to deliver by Bisoke is pleaded</u>

The rule is conjunctive: the seller must deceive *and* fail to deliver, each pleaded with particularity as to this defendant. § 240.10b-21(a); Fed. R. Civ. P. 9(b). Lunai answers that Paragraph 309(d) "pleads a dated, quantified FTD tied to Bisoke's own March 17 trade." (D.I. 44 at 10.) It pleads a share count, an absent locate request and an inventory status, and Lunai restates it correctly one page later as an allegation "that Bisoke itself sold short into a market with zero recorded

[2] The 2008 rule produced one reported decision, a Commission enforcement action in which the court had no occasion to construe it. *Mintz*, 723 F. Supp. 3d at 397. No court has held the rule reaches the deception of anyone but the three persons it names.

inventory." (*Id.* at 11.) Selling into an empty market is not failing to deliver. (D.I. 42 at 5-6.)

### D. Loss causation runs backwards

Of the three Bisoke dates in Lunai's "one-week causal chain," only March 17 precedes the March 24 exchange; the March 26 and April 7 sales postdate the price they are said to have set. (D.I. 44 at 18; D.I. 40 ¶¶ 309(e)-(f), 563.) The increase paired with that chain is measured from February 11 to May 15 (¶ 383), and the at-the-market program has no pleaded date, volume or price. Lunai answers that *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005), and *McCabe v. Ernst & Young, LLP*, 494 F.3d 418, 425-28 (3d Cir. 2007), reach only corrective-disclosure cases. (D.I. 44 at 18.) Whichever standard applies, a sale cannot have caused a price that preceded it.

### E. No manipulative act is pleaded

Lunai says Count I rests independently on Rules 10b-5(a) and (c), which require no misrepresentation. (D.I. 44 at 17.) But it still requires a manipulative act. Lunai offers three: the order itself, a market condition Bisoke is not alleged to have created, and the account structuring addressed below. Manipulation requires "some market activity, such as 'wash sales, matched orders, or rigged prices.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 101 (2d Cir. 2007). Lunai alleges none of those acts against Bisoke. (D.I. 44 at 17.)

## II. THE INVENTORY RECORD LUNAI CALLS INDIVIDUALIZED INDIVIDUALIZES NOTHING

Lunai calls Paragraph 309's instances "individualized by date, share count, and inventory record." (D.I. 44 at 13.) Paragraph 409 pleads a locate or pre-borrow requirement in LNAI "on all 139 trading days" of the period, and no clearing-firm inventory "on any day" of it. A condition true of every day, for every participant, individualizes nothing. Holistic review weighs the facts pleaded about this defendant, and the PSLRA requires particularity "with respect to each act or omission alleged," 15 U.S.C. § 78u-4(b)(2)(A), as *Avaya* says on the pages Lunai cites for holism. *Inst. Invs. Grp. v. Avaya, Inc.*, 564 F.3d 242, 252-53 (3d Cir. 2009). What is left is dates and share counts, not acts. A manipulation complaint must plead "the nature, purpose, and effect of the fraudulent conduct and the roles of the defendants." *ATSI*, 493 F.3d at 102.

## III. LUNAI DOES NOT DEFEND THE SCIENTER THEORY ITS OWN PLEADING DESIGNATES

Paragraph 551 designates how Customer Defendant scienter "is established": "by the trading patterns pleaded as to each." (D.I. 40 ¶ 551.) It names three: pre-market execution concentrations, positions "opened and closed at exactly nil within the trading day," and, for customers holding accounts at more than one broker-dealer, trading "across multiple nominally independent correspondents." (*Id.*)

Lunai's Opposition defends none of the three. It recasts the paragraph as Opal's and says customer scienter "rests on separate facts pled elsewhere." (D.I. 44 at 12-13.)

Each designated pattern fails as to Bisoke. The SAC supplies a per-account pre-market percentage for other brokers' customers and none for any Opal account; the only Opal figure is book-wide, "54 percent of Opal's short selling." (D.I. 40 ¶ 365.) The round-trip allegation is pleaded of "72 separate account-days, 35 Opal accounts," none identified. (*Id.*) The third excludes Bisoke by its terms. Bisoke opened four accounts "with the same broker-dealer" (¶ 312), and Paragraph 38 names the multi-firm customers without Bisoke. The Opposition agrees Bisoke "traded exclusively through the broker." (D.I. 44 at 16.)

Lunai substitutes a term the pleading does not carry: "a fabricated-identity account." (*Id.* at 14.) The SAC alleges no fabrication. Paragraph 377 pleads that account 053's "address line in Opal's own record reads 'ADDRESS UNKNOWN.'" Paragraph 378(c) names its holder: Bisoke LLC. That leaves the structuring. Paragraph 312 pleads sequence and timing. The purpose, avoiding scrutiny, is Lunai's gloss. (D.I. 44 at 13.) Lunai's own authority calls that inference unreasonable. *GFL Advantage Fund, Ltd. v. Colkitt*, 272 F.3d 189, 210 (3d Cir. 2001) (rejecting concealment inference; court must "indulge only reasonable inferences"). An adjective does not make the inference "at least as compelling as

any opposing inference." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 324 (2007).

## IV. ***BALD EAGLE* BARS COUNT III, AND § 1962(d) FAILS ON THE AGREEMENT**

Lunai does not contest that *Bald Eagle* governs, but says it does not "require dismissal[.]" (D.I. 44 at 15.) But that is exactly what it requires. *See Bald Eagle Area Sch. Dist. v. Keystone Fin., Inc.*, 189 F.3d 321, 330 (3d Cir. 1999). Elements are beside the point: a plaintiff cannot plead around the bar "if the conduct giving rise to those predicate offenses amounts to securities fraud." *Id.* at 330. The test is conduct, not elements. Nor is anything premature. *Bald Eagle* applied the bar on a Rule 12(b)(6) motion, *id.* at 323, and Count III identifies no wire transmission at all. Paragraph 571 rests the claim on "the predicate acts of wire fraud pleaded in Count III," and Count III pleads none.

Section 1964(c) bars reliance on that conduct "to establish a violation of section 1962", subsection (d) included. Lunai answers that this reading "would read Section 1962(d) out of every case whose predicate pattern happens to involve securities." (D.I. 44 at 15.) *Bald Eagle* took it out of one: Count 4 there was a claim for conspiracy to violate § 1962(c) on the same wire-, mail- and bank-fraud predicates, dismissed with the rest and affirmed. 189 F.3d at 326, 330. Section 1962(d) is untouched wherever the predicate pattern is something other than securities fraud. Lunai pleads that this one is. (D.I. 40 ¶¶ 571, 576, 580.)

If the bar did not apply, the substantive theory would still fail. Lunai concedes that "*Reves* [] requires operation or management of the enterprise, and that the paragraphs describing Lightspeed's, Cobra's, and Opal's conduct speak to those broker-dealers." (D.I. 44 at 15.) So does its pleading: Paragraph 575 pleads that test only of "[e]ach broker-dealer Defendant's conduct."

That leaves Paragraph 586. Bisoke accepts that a § 1962(d) defendant need not itself commit the predicate acts. *Salinas v. United States*, 522 U.S. 52, 65 (1997). It must still have agreed. Lunai infers agreement from three facts: Bisoke traded through Opal, structured its own accounts, and traded in proximity to co-defendants. (D.I. 44 at 16.) The first is shared with thirty-three other named Opal account holders (¶ 378); the second is Bisoke acting alone; the third is Paragraphs 338(f) and 343(e): two defendants sold on a day Bisoke sold, a third three days earlier. None is more than parallel conduct. *See In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 321-22, 374 (3d Cir. 2010).

## V. <u>LUNAI DOES NOT DEFEND COUNTS IV AND VII</u>

Lunai has waived Counts IV and VII. Its answering brief runs eight argument headings, none addressed to Delaware common-law fraud; neither count appears in it by number; and the word "reliance" appears nowhere in its twenty-two pages. The Motion argued that Delaware does not recognize market-price reliance in common-law fraud; to which Lunai had no answer. (D.I. 42 at 18-20.) Failure to respond to

an argument for dismissal waives opposition to it. *LabMD Inc. v. Boback*, 47 F.4th 164, 192 (3d Cir. 2022). And Lunai supplies the rule: silence "is itself reason enough" to grant the relief it seeks. (D.I. 44 at 21.)

## VI. COUNT V FAILS UNDER THE ONLY AUTHORITY LUNAI OFFERS

Lunai says *Allen Family Foods* "controls here." (D.I. 44 at 20.) But *Allen* said § 766A "is or should be the law of Delaware," and dismissed anyway. *Allen Family Foods, Inc. v. Capitol Carbonic Corp.*, 2011 WL 1205138, at *1, *6 (Del. Super. Ct. Mar. 31, 2011). It rejected an allegation that the defendant's conduct "was a significant factor in causing" the plaintiff to act "in contravention of" its own contract – a contract that states neither prevention nor performance made "more expensive or burdensome." *Id.* at *6. And § 766A reaches only a plaintiff "unable to obtain performance of the contract by the third person." *Id.* Lunai is still listed on Nasdaq (¶ 597) and its extension request "remains pending." (¶ 361.) The alternative theory names no one. (¶ 602); *Organovo Holdings, Inc. v. Dimitrov*, 162 A.3d 102, 122 (Del. Ch. 2017).

## VII. THE PLEADING SUPPLIES NEITHER COUNT II'S WILLFULNESS NOR COUNT VI'S PREDICATE

**Count II.** Section 9(f) reaches only a person who "willfully participates." That is a "state-of-mind condition requiring something more than negligence." *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 209 n.28 (1976) (then codified as § 9(e)). Lunai rests that element on Paragraph 561. (D.I. 44 at 20.) The SAC pleads trading

"concentrated in pre-market and other thin-liquidity windows." The Opposition's restatement does not carry the first term. The SAC supplies no pre-market figure for Bisoke or any Opal account. (¶¶ 365, 378(c).) Paragraph 561 never names Bisoke. It pleads all three patterns of "Defendants" collectively.

**Count VI.** Civil conspiracy requires an underlying wrong. *Tani v. FPL/Next Era Energy*, 811 F. Supp. 2d 1004, 1025 (D. Del. 2011); (D.I. 40 ¶ 607.) Lunai's brief rests Count VI on "the securities-law violations pled in Counts I and II." (D.I. 44 at 21.) Paragraphs 607 and 611 rest it on "Counts I, II, III and VI," and Paragraph 607 adds "the racketeering activity alleged in Count IV." Count VI is the conspiracy count itself, and racketeering is Count III. The pleading governs. A brief in opposition does not amend it. *Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988). Either way Count VI falls with the counts above. Lunai says the Motion "does not separately address this independent basis." (D.I. 44 at 21.) The argument against the predicate is the argument against the count. (D.I. 42 at 20.)

## VIII. <u>CONCLUSION</u>

Lunai does not ask for leave to amend, having already amended twice. Nor does it tender proposed non-futile amendments. (D.I. 44 at 22); *LabMD*, 47 F.4th at 192.

The Second Amended Complaint should be dismissed as to Bisoke, and Count III and Count VI's § 1343 predicate with prejudice. If the federal counts are

dismissed, the Court should alternatively decline supplemental jurisdiction over any of Counts IV through VII that remain. 28 U.S.C. § 1367(c)(3).

Dated: September 16, 2026

Respectfully submitted,

OF COUNSEL:

Ashwin J. Ram (*pro hac vice*)
BUCHALTER LLP
1000 Wilshire Boulevard
Suite 1500
Los Angeles, CA 90017
Telephone: (213) 891-0700
aram@buchalter.com

BENESCH FRIEDLANDER
COPLAN & ARONOFF LLP

*/s/ Noelle B. Torrice*
Kristen Healey Cramer (#4512)
Noelle B. Torrice (#5957)
1313 North Market Street, Suite 1201
Wilmington, DE 19801
Telephone: (302) 442-7010
kcramer@beneschlaw.com
ntorrice@beneschlaw.com

*Counsel for Defendant Bisoke, LLC*