**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| LUNAI BIOWORKS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>LIGHTSPEED FINANCIAL SERVICES GROUP LLC, *et al.*,<br><br>Defendants. | Civil Action No. 26-549-CFC |

# MOTION TO EXTEND DEADLINE FOR SERVICE OF SUMMONS AND SECOND AMENDED COMPLAINT

Plaintiff, Lunai Bioworks, Inc. ("Lunai" or "Plaintiff"), respectfully moves pursuant to Federal Rule of Civil Procedure 4(m) to extend the deadline for service of process upon Opal Securities, Inc. ("Opal") by 14 days, to December 8, 2026, and upon the other unserved defendants identified below who are believed to be located in the United States (collectively with Opal, the "Unserved U.S. Defendants") by 28 days, to December 22, 2026. This is Plaintiff's first request for an extension of the service deadline.

## I. FACTUAL BACKGROUND

Plaintiff filed its Second Amended Complaint ("SAC") on August 26, 2026. D.I. 37. The SAC alleges a scheme to artificially depress the price of Lunai's common stock through unlawful naked short selling and related manipulative

trading. The current deadline for service upon the U.S. Defendants is November 24, 2026.

Before filing the SAC, Plaintiff obtained records through third-party subpoenas concerning the transactions described in its initial Complaint (D.I. 1). Analysis of those records enabled Plaintiff to identify broker-dealers and numerous individuals and entities whose accounts were used to effectuate the short sales at issue. The SAC alleges that these account holders engaged in repeated short sales, in some instances involving hundreds of executions, without corresponding locates sufficient to support those sales. *See* SAC ¶¶ 5-8, 37-41.

Central to the alleged scheme are six registered broker-dealers: Lightspeed Financial Services Group LLC ("Lightspeed"), Cobra Trading, Inc. ("Cobra"), Opal, Seven Points Capital, LLC ("Seven Points"), SageTrader, LLC ("SageTrader"), and Hold Brothers Capital, LLC ("Hold Brothers"). As alleged in the SAC, Lightspeed, Cobra and Opal accepted and introduced customer short sale orders through common clearing infrastructure, while SageTrader and Hold Brothers participated through their respective brokerage operations, and Seven Points traded for its own account. These firms are alleged to have played a central role in facilitating or carrying out the challenged trading. See SAC ¶¶ 9-17, 25-40.

Plaintiff has effected service upon Lightspeed, Seven Points, SageTrader and Hold Brothers, and Cobra has agreed to waive service. See D.I. 53. Thus, five of the

six broker-dealer defendants have been served or agreed to waive service, leaving only Opal. Plaintiff seeks a shorter extension for Opal in recognition of its central role in the alleged scheme.

Plaintiff also has effected service upon Bisoke LLC; Arcadia Analytics, LLC; Hudson Trades LLC; Mockingbird Equity II LLC; QuantBrix, LLC; TakeChip 2 LLC; Alfredo Alejandro Carrero Hurtado; Dustin Olyan; Hunter Snyder; Jeffery Lynn; Jiping Hu; Kyle Spivey; Taejong Kim; Tyler Wasserman; and Xiaoli Zhang. Accordingly, the action is positioned to proceed against the principal broker-dealer defendants and a number of other defendants irrespective of the requested extensions.

## II. STATUS OF SERVICE AND REQUESTED EXTENSIONS

The remaining defendants include numerous customer account holders whose alleged participation in the scheme and knowledge of the relevant transactions vary, as well as Zachary Goldberg, an alleged control person of Opal. Plaintiff has identified addresses in United States judicial districts for Opal and the following additional defendants upon whom service remains outstanding:

13 Trading LLC; Bearish Ventures LLC; CS Trades LLC; CSZ Quantitative LLC; ESchunk Trades LLC; Goat Machine LLC; JTL Capital Enterprises LLC; Lakeside Algo Fund LP; Mearas Capital LLC; Owl Hill Capital LLC; Quaintoo Inc.; Quants Edge Capital LLC; Runfree JTS LLC; SCS Triangles LLC; Smiles Trading

LLC; TopXInvest LLC; Williams Kapital LLC; Zwick Trading Group LLC; Derek Cheng; Suman Chepuri; Jiwhan Cho; Hyo Jin Chun; Jacob Chupick; Michael Donovan; Carl Eguez; Lawrence Fehrenbaker; John Finkbeiner; Kenichi Fujise; Jared Garcia; Adam Gefvert; Zachary Goldberg; Amin Golestan; William Edward Gonet; Edward T. Griesedieck; Ezra Grothe; Joseph Guevarra; Clinton Hillegass; Edwin Hinds Jr.; Matthew Hope; Basil Housewright; Yash Kamat; Munaf Khatumbra; Tyler H. Kling; Alexander Korzha; Dennis Korzha; Igor Korzha; Tatiana Korzha; Prateek Kumar; Kristian Kurzyna; Madilyn Le; Jacob Lee; Louis Lemberger; Chen Li; Janet Lynn; Calvin Nguyen; Alexander Odom; Samuel Oh; Michael Picone; Jennifer Powell; Aaron Tu Schmaltz; Dean Schmaltz; Christopher Seaman; Dmitry Smirnoff; Brian Sullivan; Abhinand Vaddi Reddy; Anurag Vaddi Reddy; Bala Anand Vaddi Reddy; Pradeep Vallandas; Richard Clark Webb; Keven Yee; Cong Zhao.[1]

The task of assembling reliable service addresses for the numerous defendants, both domestic and foreign, has been burdensome. The trading records identify account holders, but the addresses associated with their accounts do not

---

[1] Upon information and belief, the remaining unserved Defendants not identified in this Motion are located outside the United States and will require service pursuant to Rules 4(f) or 4(h)(2). Because Rule 4(m) expressly exempts service in a foreign country under those provisions from its 90-day service deadline, Plaintiff does not seek an extension of time concerning those Defendants.

necessarily establish where service can be effected. Many defendants transacted remotely, including across national borders. These circumstances lead to potential issues with successfully making service attempts.

For example, Plaintiff initially directed its process server to serve Seven Points at the Florida address listed for its registered agent. The process server was advised that the registered agent resided in New York. Plaintiff then attempted service at Seven Points' New York office, where the process server was told that the only person authorized to accept service worked remotely. Although Plaintiff ultimately served Seven Points, its experience illustrates the practical difficulties encountered even in serving an established domestic broker-dealer. Accordingly, Plaintiff has expended significant time and effort identifying current addresses before requesting issuance of summonses, in an effort to avoid potentially dozens of unsuccessful service attempts.

Summonses have issued for the Unserved U.S. Defendants except Smiles Trading LLC, Prateek Kumar and Richard Clark Webb. Process servers are actively engaged in the applicable U.S. jurisdictions. Plaintiff believes service remains feasible and, in light of its recent success in serving defendants, anticipates completing service within the requested periods.

## III. ARGUMENT

Rule 4(m) requires the Court to extend the time for service for an appropriate period if Plaintiff shows good cause. Even absent good cause, the Court has discretion to extend the deadline and must consider whether other factors warrant an extension. *Himmelreich v. United States*, 285 F. App'x 5, 7 (3d Cir. 2008); *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305-06 (3d Cir. 1995).

### A. Good cause supports the requested extensions

The number of defendants, the need to identify reliable addresses from records of securities transactions, the geographic dispersion of the defendants and the difficulties encountered in effecting service support a finding of good cause. Plaintiff has successfully served or obtained agreements to waive service from numerous defendants, including all but one of the six broker-dealers, and is continuing its efforts to serve the remaining domestic defendants. The requested extensions are limited in duration and are intended to permit completion of ongoing service efforts.

### B. Judicial economy and the absence of prejudice independently warrant extensions

Even if the Court concludes that Plaintiff has not established good cause as to every Unserved U.S. Defendant, the circumstances warrant an exercise of the Court's discretion under Rule 4(m). This litigation will proceed against the defendants already served or agreeing to waive service. Dismissing the claims

against the remaining defendants would not resolve the underlying controversy or materially simplify its adjudication.

The remaining defendants are alleged participants in the same course of conduct at issue in this action. Their knowledge, communications and trading activities bear on the nature and extent of the alleged scheme and the respective responsibility of its participants. Their presence as parties will facilitate discovery of that evidence and permit Plaintiff to pursue complete relief against those alleged to be responsible for its injuries in a single proceeding.

If the Court dismisses the claims against the Unserved U.S. Defendants without prejudice, Plaintiff intends, to the extent permitted, to commence a separate action against those defendants and seek consolidation with this action under Rule 42(a). Such an action would involve substantially overlapping factual and legal issues, including the same trading records, brokerage relationships and alleged manipulative conduct. Requiring a separate action, additional pleadings and a motion for consolidation would impose unnecessary burdens on the Court and the parties to achieve substantially the same procedural result that a brief extension would permit now.

Nor would the requested extensions materially prejudice the defendants already served. The extensions concern service upon other parties and need not delay proceedings against those already before the Court. Indeed, those defendants may

benefit from the participation of other alleged actors whose conduct may bear on causation, the extent of any injury and the respective responsibility of the defendants, to the extent relevant under applicable law. The short extensions likewise impose no apparent material prejudice on the Unserved U.S. Defendants, who will retain their rights to respond to the SAC and assert all available defenses.

In short, the requested extensions will facilitate adjudication of related claims in one action, avoid duplicative proceedings and preserve the parties' ability to develop a comprehensive record, without materially prejudicing any defendant. Those considerations independently warrant granting the Motion.

WHEREFORE, Plaintiff respectfully requests that the Court, for good cause or, alternatively, in the exercise of its discretion under Rule 4(m), extend the deadline for service upon Opal to December 8, 2026, and upon the other Unserved U.S. Defendants identified herein to December 22, 2026.

*/s/ Carmella L. Cinaglia*
**FOX ROTHSCHILD LLP**
Sidney S. Liebesman (DE ID 3702)
Carmella L. Cinaglia (DE ID 7032)
1201 N. Market St., Suite 1200
Wilmington, DE 19801
Tel.: (302) 622-4237
sliebesman@foxrothschild.com
ccinaglia@foxrothschild.com

**DICKINSON WRIGHT PLLC**
James S. Rigberg (*admitted pro hac vice)*
1125 17th Street, Suite 550
Denver, CO 80202
Tel: (303) 723-8400
jrigberg@dwlaw.com

Jacob S. Frenkel (*admitted pro hac vice*)
Brian S. Yu (DE ID 6482)
1825 I Street, N.W., Suite 900
Washington, D.C. 20006
Tel: (202) 457-0160
jfrenkel@dwlaw.com
byu@dwlaw.com

*Attorneys for Plaintiff*

**CERTIFICATE OF COMPLIANCE**

Pursuant to Judge Connolly's November 10, 2022, Standing Order, the undersigned certifies that this motion is set in 14-point Times New Roman typeface and contains 1,512 words, excluding the caption, signature block, and this certificate.

*/s/ Carmella L. Cinaglia*
Carmella L. Cinaglia (DE ID 7032)